IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60476
Summary Calendar
_____


STEPHEN P. SHERWOOD;
SHARON L. SHERWOOD,

                                    Petitioners-Appellants,

                    versus

COMMISSIONER OF INTERNAL
REVENUE,

                                    Respondent-Appellee.

_____

On Appeal from the Decision of the
United States Tax Court
(16797-95)
_____
February 26, 1998
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:*

    In this tax protester case, Stephen P. Sherwood and Sharon L.

Sherwood object on multitudinous grounds to the tax court's

determination of deficiencies, additions to tax, and penalties for

the tax years 1991, 1992, and 1993.  After a thorough review of the

record and a close study of the briefs, we conclude that the

_____

    *Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sherwoods' arguments are all without merit. Indeed, they are frivolous.

Among the Sherwoods' complaints are the contentions that the tax court lacked jurisdiction, that it erred in sustaining the Commissioner of Internal Revenue's assessment of deficiencies, additions to tax and penalties, and that it abused its discretion in declaring sua sponte penalties for advocating a frivolous position.

The Sherwoods' jurisdictional complaint and most of their argument on the merits are tied to a belief that they are citizens of the State of Texas, not the United States. For this reason, they conclude that they are (1) not subject to most taxes and (2) permitted to file Form 1040-NR (non-resident). As there is obviously no validity to the Sherwoods' concept of citizenship, the arguments based upon it are frivolous.

The remainder of the Sherwoods' argument on the merits revolves around a contention that they owed no taxes for wages because the labor performed balanced the wage received, resulting in no net income. As it is unfortunately and manifestly not so, there is no merit to this argument either.

The Sherwoods' final contention is that the district court abused its discretion in assessing a $2500 penalty against each of them for advancing the wage argument just discussed. I.R.C.

§ 6673(a) expressly empowers the tax court to assess such a penalty for advancing a frivolous position, however, and it cannot be said that the court abused its discretion in doing so in this case. Indeed, in the light of the fact that § 6673(a) allows for a penalty of up to $25,000, we are only surprised that the tax court was so restrained.

For these reasons and those expressed in the tax court's careful and patient opinion, its judgment is AFFIRMED. Furthermore, because this appeal was utterly frivolous, it is also ORDERED that the Sherwoods show cause within ten days time why reasonable attorney's fees and double costs should not be awarded to the Commissioner of Internal Revenue as damages, pursuant to Fed. R. App. P. 38.

A F F I R M E D.